# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| RAYMOND "KING BELAL" WATISON, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    NO. 1:20-cv-00050 <br> ) |
| F/N/U SARRATT, et al., | )    JUDGE CAMPBELL <br> )    MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Raymond "King Belal" Watison, an inmate of the South Central Correctional Facility (SCCF) in Clifton, Tennessee, has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the Court for ruling on the IFP application and for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the

greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

A preliminary examination reveals that the Complaint as currently constituted cannot properly be screened under the above standards, because it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of unrelated claims against unrelated defendants in a single lawsuit. *See Proctor v. Applegate*, 661 F. Supp. 2d

743, 780 (E.D. Mich. 2009) ("[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose. . . . And, Rule 20 does not authorize a plaintiff to 'incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.'") (quoting *Trail Realty Inc. v. Beckett*, 462 F.2d 396, 399–400 (10th Cir. 1972)); *Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017) (collecting circuit cases and explaining that the "impulse toward entertaining the broadest scope of action" does not "provide a plaintiff a free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated").

Plaintiff sues 14 correctional officers at SCCF in addition to one nurse and one case manager, seeking damages based on the following claims: (1) deprivation of personal property; (2) retaliation in violation of the First Amendment; (3) cruel and unusual punishment related to conditions of confinement; (4) deliberate indifference to serious medical needs; and (5) deliberate indifference to inmate safety. Each of these five counts names different defendants as wrongdoers: Defendant Sarratt is named in Count 1; Defendant Dickey in Count 2; Defendants Carroll and Beckwit in Count 3; Defendants Reeves, Winston, Wardlow, and Mack in Count 4; and Defendants Williams, Ackerman, Ray, King, Brit, Justin, Ratcliff, and Avilia in Count 5. This scattershot style of pleading is typically rejected by courts due to misjoinder of claims and parties. *See Tolbert*, 2017 WL 4324541, at *3 (quoting *Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009)); *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that, under the Federal Rules, a Plaintiff must assert "at least one claim to relief against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common to all"). Put simply, "[u]nrelated claims

4

against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Complaint here, which in its present form presents unrelated claims against different defendants, cannot be entertained without flouting the federal joinder rules and impermissibly complicating the litigation of this case.

Accordingly, Plaintiff **MUST** file an amended complaint within **30 DAYS** of the date of this Order, in which he does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert any claims he has against a single defendant but no other claims, <u>or</u> he can assert all the claims he has against multiple defendants that arise from the same incident or series of related incidents but no other claims. *See King*, 2020 WL 2404672, at *3. If Plaintiff wishes to pursue other claims or defendants outside that limited scope of his amended complaint, he must do so by filing separate lawsuits. In effect, "if Plaintiff wants to litigate all the claims raised in the current Complaint, he must file multiple separate lawsuits to do so." *Id.*

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 complaint form, which he may use in drafting his amended complaint. Plaintiff **MUST** include the docket number for this case – No. 1:20-cv-00050 – on his amended complaint.

Plaintiff is warned that failure to comply with this Order within the time provided, or to timely request additional time to do so, may result in action by the Court, including potential dropping of parties, severing of claims, or dismissal of this action for failure to prosecute and failure to comply with the Court's order. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5