# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **RAYMOND WATISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **NO. 1:20-cv-00050** |
| **F/N/U SARRATT, et al.,** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

### I. BACKGROUND

Plaintiff Raymond Watison, an inmate of the South Central Correctional Facility (SCCF) in Clifton, Tennessee, initiated this civil rights action under 42 U.S.C. § 1983 with a pro se complaint that improperly joined unrelated claims and parties. The Court granted Plaintiff permission to proceed in forma pauperis, assessed the civil filing fee to be paid in installments, and ordered Plaintiff to file an amended complaint that did not violate federal joinder rules. (Doc. No. 4.) Though he elected not to use the complaint form provided by the Clerk of Court, Plaintiff has nonetheless timely filed an Amended Complaint that avoids misjoining unrelated claims or parties. (Doc. No. 5.)

The case is before the Court for initial review of the Amended Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### II. INITIAL REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color

of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

The Amended Complaint names two Defendants, Officer Carroll and Sergeant Beckwit, who allegedly violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment on March 2, 2019, when they denied him all the day's meals and otherwise harassed him. (Doc. No. 5 at 3–4.) On that morning, after initially passing Plaintiff's cell without serving him breakfast, Defendant Carroll returned to serve Plaintiff a breakfast tray but pushed it through the food flap so that it spilled from the tray onto the cell floor. Carroll threatened Plaintiff with physical harm and used insulting language that Plaintiff "took . . . as a racial slur," and proceeded to deny Plaintiff his lunch and dinner meals as well. (*Id.*) Defendant Beckwit told Plaintiff that Carroll was acting on his orders in denying meal service to Plaintiff. He then explained to Plaintiff that the withholding of food was a show of authority in response to Plaintiff having "yell[ed] black power last week." (*Id.* at 4.) Because he was deprived of food for over 24 hours, Plaintiff "became dizzy, lightheaded, fading out," and suffered "excruciating stomach pains." (*Id.*) He "laid on the floor, willing himself not to sleep, to stay awake, because he thought he was going to die of starvation." (*Id.*) Accusing Defendants of attempting to "assassinate" him, Plaintiff seeks an award of damages and a preliminary injunction against their future misconduct. (*Id.*)

For several reasons, the Amended Complaint fails to state a claim upon which relief may be granted and must therefore be dismissed. First, this action arising from the events of March 2, 2019, is barred by the one-year statute of limitations applicable to Section 1983 actions that

originate in Tennessee, as Plaintiff did not file suit until late-August 2020. *See Cox v. City of Jackson, Tennessee*, 811 F. App'x 284, 288 (6th Cir. 2020) ("The statute of limitations for claims brought under § 1983 is determined by the law of the state where the cause of action originated. Under Tennessee law, the applicable limitations period is one year for civil actions brought under federal civil rights statutes.") (internal citations and quotation marks omitted) (citing, *e.g.*, *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015)); *see also* Tenn. Code Ann. § 28-3-104(a)(1)(B).

Second, notwithstanding Plaintiff's alleged hunger pains and Defendants' alleged motivation for withholding normal meal service, being denied food for 24 hours is clearly not a serious enough deprivation to amount to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (finding that "a prison official violates the Eighth Amendment only when . . . the deprivation alleged [is], objectively, sufficiently serious, . . . [such that it] result[s] in the denial of the minimal civilized measure of life's necessities") (internal citations and quotation marks omitted). In the absence of some additional, complicating factor, merely going hungry for one day is a de minimis injury that does not give rise to a viable Eighth Amendment claim. *See Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (stating that alleged physical injury "must be more than de minimis for an Eighth Amendment claim to go forward") (citing, *e.g.*, *Benson v. Carlton*, 229 F.3d 1150 (Table), 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000) (inmate's alleged dizziness after missing meal is de minimis)); *see also Wallace v. Coffee Cnty., Tennessee*, No. 4:18-CV-25, 2020 WL 2946064, at *9 (E.D. Tenn. June 3, 2020), *aff'd*, No. 20-5759, 2021 WL 1102301 (6th Cir. Mar. 23, 2021) (inmate's upset stomach that resolved after a few days is de minimis injury that cannot support an Eighth Amendment claim).

4

Finally, allegations that a correctional officer "behaves in a racially prejudicial manner," "makes insulting remarks," and harasses an inmate by "throw[ing] . . . food trays through the bottom slot of [the] cell door" do not amount to "the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

### III. CONCLUSION

Accordingly, the Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. Any appeal from this Order would not be in good faith under 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE